Claude M. Davis and Elizabeth Davis v. Commissioner.
Davis v. Commissioner
Docket No. 950-71.
United States Tax Court
T.C. Memo 1972-182; 1972 Tax Ct. Memo LEXIS 78; 31 T.C.M. (CCH) 895; T.C.M. (RIA) 72182; August 21, 1972
*78 Held, petitioners' claimed travel and entertainment expenses are disallowed. Kentucky. Claude M. Davis, pro se, Cherokee Blvd., Elizabethtown, Ky. Philip D. Owens, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined deficiencies in the income taxes of petitioners of $1,244.33 and $2,037.21 for the calendar years 1966 and 1967, respectively. The deficiencies stem from respondent's disallowance of deductions for travel and entertainment expenses. Findings of Fact Most of the facts have been stipulated and they are so found. Petitioners are Claude M. Davis and Elizabeth *79 Davis, husband and wife, who at all relevant times resided in Elizabethtown, Ky. For the years 1966 and 1967 petitioners filed joint income tax returns with the district director of internal revenue, Louisville, Ky. Hereafter, petitioner will refer to Claude M. Davis. Petitioner was engaged in the insurance business as a representative of the John Hancock Life Insurance Company. He conducted his business under the name of Davis Insurance Agency, and maintained an office in Radcliff, Ky., about 13 miles distant from his home. Petitioner sold only individual life insurance policies and fire and casualty insurance policies. He did not sell group insurance. Petitioner considered himself to be an outside salesman which meant that he spent most of his time visiting prospective clients and very little of his time in his office. Petitioner went to his office only two or three times a week for part of the day. Many of petitioners' customers were transient military personnel to whom petitioner gave a great deal of individual attention. On petitioners' 1966 income tax return they claimed automobile expenses from petitioner's insurance business in the amount of $3,110 based upon mileage, *80 made up of 26,000 miles driven on a 1965 Cadillac and 12,000 miles driven on a 1963 Dodge, totaling 38,000 miles, at $.10 per mile for the first 15,000 miles and $.07 per mile for the remaining 23,000 miles. In addition, depreciation on a 1967 Cadillac was claimed in the amount of $167, and other expenses on a 1967 Cadillac were claimed in the amount of $69. Respondent has allowed automobile expenses in the amount of $1,266, made up of business mileage of 12,000 miles at $.10 per mile, tolls in the amount of $46.50 and parking in the amount of $19.50. On petitioners' 1967 income tax return automobile expenses were claimed from petitioner's insurance business totaling $4,577, made up of: 1967 Cadillac gas, oil, repairs - $1,536; 1967 Cadillac - insurance - $141; 1967 Cadillac - depreciation - $2,000; 1963 Dodge - 9,000 miles at $.10 per mile - $900. Respondent has allowed automobile expenses in the amount of $1,928.41, made up of one-half of the claimed automobile expenses relating to the 1967 Cadillac of $1,838.50; tolls in the amount of $59.30 and parking in the amount of $30.61. On petitioners' 1966 income tax return entertainment and convention expenses from petitioner's insurance *81 business were claimed in the total amount of $2,900. Respondent disallowed all but $248.17 of the $2,900 claimed. On petitioners' 1967 income tax return, petitioners claimed entertainment and convention expenses in the total amount of $4,035, made up of conventions, travel, meals, hotel, etc., in the amount of $1,523, and entertainment in the amount of $2,512. Respondent disallowed all but $659.92 of the $4,035 claimed. Petitioners stipulated that for the years in issue no record was kept indicating the number of miles which petitioners' automobiles were driven or the business purpose for any use of the automobiles. In addition, petitioners stipulated that no records were maintained indicating the place, time, amount, and business purpose of entertainment and convention expenses claimed for the years in issue. 896 Opinion This case is nearly identical to that presented by petitioner for several prior years in Claude M. Davis, T.C. Memo. 1969-74, affd. 422 F. 2d 401 (C.A. 6, 1970). In view of petitioners' stipulation and the record in this case we are forced to sustain respondent's determinations. We do so reluctantly because we believe that if *82 petitioner had maintained better records, a larger portion of his claimed expenses would be properly allowable. Petitioner presented no evidence other than his own testimony to the effect that his method of doing business required substantial expenditures for travel and entertainment. Plausible as petitioner's testimony may be, it does not provide us with any basis for finding that he had a greater amount of expenses deductible under section 162 [1] than respondent has allowed. Even if there were no problems in determining that petitioner was entitled to deduct additional amounts under section 162, petitioner's complete lack of record keeping would force us to disallow the deductions under section 274. Se section 1.274-5, Income Tax Regs.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩